NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2539
_____

FRANCIS X. MINA; LAURA MINA,

Appellants

v.

HOTEL ON THE CAY TIMESHARING ASSOCIATION, INC.

_____

On Appeal from the District Court of the Virgin Islands, Appellate Division.
(D.C. Civ. No. 04-cv-00072)
District Court Judges: Curtis V. Gomez, Chief Judge.  Raymond L. Finch, District Judge.
Michael C. Dunston, Superior Court Judge.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2010

Before: McKEE, Chief Judge, FUENTES, and SMITH, Circuit Judges.

(Opinion Filed:  December 21, 2010)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

1

This matter arises from Appellants Frank and Laura Mina's (the "Minas'") purchase of interests in nine partial timeshare units located in the Hotel on the Cay resort in St. Croix, U.S. Virgin Islands. Due to the Minas' failure to pay annual charges and assessments, Appellee Hotel on the Cay Timesharing Association, Inc. (the "Association") brought suit against the Minas in Superior Court, seeking $33,543 in outstanding charges and assessments, a judgment terminating the Minas' contractual rights to the timeshares, as well as attorney's fees and costs. The Superior Court granted summary judgment in favor of the Association and the Appellate Division affirmed. We conclude that summary judgment was appropriate and will affirm.[1]

**I.**

Because we write for the parties, we discuss the facts only to the extent necessary for resolution of the issues raised on appeal. On February 10, 1980, the Minas contracted to purchase partial leasehold interests in nine timeshare units located in the Hotel on the Cay resort. Under these contracts, the Minas were responsible for annual common charges and assessments to be paid to the Association, which under the contracts had authority to seek termination of the Minas' interest in the timeshares in the event of nonpayment.

On October 23, 2003, the Association filed a Verified Complaint against the Minas in the Superior Court of the Virgin Islands, alleging that the Minas were overdue in their payments and had materially breached their time share contracts. The

---

[1] The Appellate Division of the District Court had jurisdiction over this matter pursuant to 48 U.S.C. §1613a(a), and we exercise jurisdiction pursuant to 48 U.S.C. § 1613a(c).

Association sought $33,543, a judgment entitling it to terminate the contracts, and attorney's fees and costs. On November 18, 2003, the Minas answered the Complaint, arguing that they were joint owners of the nine timeshare units, and asserting that their interests in the timeshares did not constitute a lease between themselves and the Association. They also argued, without explanation, that they did not believe that their ownership interest was "subject to this type of complaint" and requested that the Court dismiss the action.

In January 2004, the Association served requests for admission on the Minas, including a request that the Minas admit that they were lessees rather than owners of the timeshare units. After receiving no response from the Minas, the Association moved for summary judgment. When the Minas failed to oppose, the Superior Court granted the motion and entered judgment. The Minas timely appealed to the Appellate Division and for the first time argued that their asserted non-lease ownership interest in the units afforded them protection from termination under Title 28 of the Virgin Island Code. The Appellate Division found that under Rule 36 of the Federal Rules of Civil Procedure the Minas had admitted that they were lessees of their timeshare units and therefore had no ownership interest. Accordingly, the Appellate Division affirmed the Superior Court's grant of summary judgment.

## II.

The Minas argue that the Superior Court erred in granting summary judgment because it failed to consider that the Minas' answers asserted an ownership rather than leasehold interest in the timeshares, which they argue entitles them to a defense under

3

Title 28 of the Virgin Island Code. However, once a moving party has shown the absence of a genuine issue of material fact, the nonmoving party may no longer rely solely on the allegations and denials in its pleadings. Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . "); GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 199 (3d Cir. 2001). Further, even had the Minas provided specific facts beyond the statements in their pleadings, under Rule 36, the Minas' failure to respond to the Association's requests for admission prevents them from contesting their now established leasehold interests in the timeshares. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.") Accordingly, summary judgment was properly entered.

The Minas further contend that the Superior Court awarded the Association relief in excess of that available because the Association had rented and resold the timeshare units, thereby mitigating its damages. This argument fails, however, because the Minas do not point to any evidence in the record to support it.

**III.**

For the foregoing reasons, we will affirm the District Court's order.

4